Nash, C. J.
In the case of Adderton v. Melchor, 9 Ire. 349, an attempt was made to lay demises in several of the counts, from persons who died before the commencement of the action, though the demises were laid antecedently thereto. The Court would not suffer it to be done. His Honor, Judge Pearsokt, after giving a succinct account of the present form of an action of ejectment, says, that the tenant in possession, when he applies to be made a defendant, is obliged to enter into the common rule, and confess lease, entry and ouster, but he is not obliged to confess any thing that prejudices his rights. But to require him to confess that a lease had been made by a dead man, would be unreasonable. In the case we are considering, an attempt is made to lay a demise in the name of a man confessedly then dead. There is but one count now in the declaration, and the demise in that is laid from Daniel Skipper, the lessor of the plaintiff. After the consent rule was entered into, a motion was made in the Court below to add a count laying the demise from Niram Skipper, who was then dead — having died since the commencement of ‘the action, though alive at the date of the demise in the proposed count. His Honor, the presiding Judge, permitted the amendment to be made. In this there was error. The action of ejectment, throughout its structure, is a fiction, but a fiction of law which is not to be used to the injury of any one. Where the' tenant in possession comes and asks to be made defendant, he is compelled to admit that the lease set forth in the declaration was duly and properly made, which includes every thing necessary to render the declaration valid — as that a power of attorney was properly made to authorise the filing of it. All this is proper and in keeping with the nature of the suit. The modern action was invented to avoid the delay and expense of an entry upon the land in dispute •by the real claimant, and there actually sealing a lease ; and the fiction now supposes such to be the fact. Coming in, as the tenant does, by the consent of the Court, in the place of the casual ejector, he has no right to complain that he is compelled to confess that which is confessedly but a fiction. But here he is required to go a step further — not only that the demise was made by a dead man, but that the dead man has executed a power of attorney to authorize the filing of the count. This is extending the *191 fiction beyond all precedent, and a violation of the principles upon which the action was originally adopted — which were to supersede the necessity of an actual entry, and an actual lease by the lessor. We feel no disposition, if we had the power, to extend it further. We cannot so extend it as to suppose that a dead man could make an entry and lease, and execute a power of attorney authorizing the bringing of the action, which would in fáct be the case here, as every count is a separate declaration, upon a separate and distinct title, and the consent rule is supposed to be entered into as to each count. The attempt in Adderton’s case and in this is a very ingenious one, but not supported by any authority, and is, we think, contrary to principle. We cannot, therefore, sanction it. It is no answer to the objection, that in the proposed count, the demise is laid at a time when Niram Skipper was alive. This does not remove the difficulty. It is calling on the Court to add another fiction to the action.
In the interlocutory order of the Court below there was error. This opinion will be certified to the Superior Court of Brunswick.
Pee CüRIam. Judgment reversed.